## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RUBEN ROMERO,<br><br>        Plaintiff,<br><br>vs.<br><br>CORE CIVIC, INC.,<br>CORE CIVIC OF TENNESSEE, LLC.,<br>WARDEN BRIAN KOEHN, and<br>DETENTION OFFICERS JOHN DOE<br>And JOHN ROE,<br><br>        Defendants. | No. 21-cv-00544-KG-CG |

### DEFENDANT CORECIVIC'S ANSWER TO COMPLAINT

Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic"),[1] through counsel, deny each allegation and each claim for relief contained in Plaintiff's Complaint which is not expressly admitted or otherwise pled to.[2] CoreCivic admits, denies, and alleges as follows:

### PRELIMINARY STATEMENT

1. Paragraph 1 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, the cited case speaks for itself.

2. Paragraph 2 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, the cited case

---

[1] The Complaint incorrectly names Core Civic, Inc. and Core Civic of Tennessee, LLC as defendants. CoreCivic affirmatively alleges that the correct names of these entities are CoreCivic, Inc. and CoreCivic of Tennessee, LLC.

[2] Upon information and belief, the individually named defendants have not been properly served. By filing this Answer, CoreCivic makes no appearance on their behalf.

speaks for itself.

3. Paragraph 3 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, the referenced case speaks for itself. CoreCivic affirmatively alleges that the correct name of the facility is Cibola County Correctional Center ("CCCC").

4. CoreCivic denies Paragraph 4 of Plaintiff's Complaint.

5. CoreCivic denies Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION, VENUE, AND PARTIES

6. In answering Paragraph 6 of Plaintiff's Complaint, CoreCivic admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. By so admitting, CoreCivic does not admit the validity or sufficiency of Plaintiff's claims, both of which are expressly denied. CoreCivic denies that the Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 1983 and/or 1988.

7. In answering Paragraph 7 of Plaintiff's Complaint, CoreCivic admits that venue is proper and that the events at issue in this matter occurred in Cibola County, New Mexico. By so admitting, CoreCivic does not admit the validity or sufficiency of Plaintiff's claims, both of which are expressly denied. CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

8. In answering Paragraph 8 of Plaintiff's Complaint, CoreCivic admits only that Plaintiff was housed at CCCC. CoreCivic further admits only that it owes a general duty of care to inmates at CCCC. By so admitting, CoreCivic admits no wrongdoing, and specifically denies all allegations of wrongdoing. CoreCivic denies all remaining allegations in Paragraph 8.

9. CoreCivic admits Paragraph 9 of Plaintiff's Complaint. CoreCivic affirmatively alleges that the correct name of the entity is CoreCivic, Inc.

10. CoreCivic admits Paragraph 10 of Plaintiff's Complaint. CoreCivic affirmatively alleges that the correct name of the entity is CoreCivic of Tennessee, LLC.

11. In answering Paragraph 11 of Plaintiff's Complaint, CoreCivic admits only that it transacts business in the State of New Mexico, is registered to do business in the State of New Mexico, and that its registered agent is Kennedy Moulton & Wells, PC, located at 2201 San Pedro N.E., Bldg. 3, Suite 200, Albuquerque, NM 87110. The remaining allegations call for legal conclusions, to which no response is required and none is given. To the extent a response is required, CoreCivic denies the remaining allegations in Paragraph 11.

12. The allegations in Paragraph 12 of Plaintiff's Complaint are not directed to this answering Defendant, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

13. The allegations in Paragraph 13 of Plaintiff's Complaint are not directed to this answering Defendant, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

14. The allegations in Paragraph 14 of Plaintiff's Complaint are not directed to this answering Defendant, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

## FACTUAL BACKGROUND

15. In answering Paragraph 15 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

16. In answering Paragraph 16 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

17. In answering Paragraph 17 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

18. In answering Paragraph 18 of Plaintiff's Complaint, CoreCivic admits only that Rudy Valencia was classified as high custody during his Initial Custody Classification on September 24, 2017. CoreCivic denies the remaining allegations.

19. In answering Paragraph 19 of Plaintiff's Complaint, CoreCivic admits only that Valencia was given a score of 7 for the severity of his current offense. CoreCivic denies the remaining allegations.

20. In answering Paragraph 20 of Plaintiff's Complaint, CoreCivic admits only that Valencia was given a score of 5 for history of institutional violence (behavior not involving a weapon or resulting in serious injury) during his Initial Custody Classification. CoreCivic denies the remaining allegations.

21. In answering Paragraph 21 of Plaintiff's Complaint, CoreCivic admits only that Valencia was housed in Unit 400, A Pod. CoreCivic denies the remaining allegations.

22. In answering Paragraph 22 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

23. In answering Paragraph 23 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

24. In answering Paragraph 24 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them. CoreCivic affirmatively alleges that Plaintiff was booked into CCCC on June 11, 2018 and was classified as high custody with a score of 7 for the severity of his prior

criminal convictions during his Initial Custody Classification on June 12, 2018.

25. CoreCivic denies Paragraph 25 of Plaintiff's Complaint.

26. CoreCivic denies Paragraph 26 of Plaintiff's Complaint.

27. CoreCivic denies Paragraph 27 of Plaintiff's Complaint.

28. CoreCivic denies Paragraph 28 of Plaintiff's Complaint.

29. In answering Paragraph 29 of Plaintiff's Complaint, CoreCivic admits only that Plaintiff was assigned to Unit 400, A pod at the time of the events at issue in this matter. CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

30. In answering Paragraph 30 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

31. In answering Paragraph 31 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

32. CoreCivic denies Paragraph 32 of Plaintiff's Complaint.

33. CoreCivic denies Paragraph 33 of Plaintiff's Complaint.

34. In answering Paragraph 34 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

35. In answering Paragraph 35 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

36. In answering Paragraph 36 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis,

denies them.

37. In answering Paragraph 37 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

38. In answering Paragraph 38 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

39. CoreCivic denies Paragraph 39 of Plaintiff's Complaint.

40. In answering Paragraph 40 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

41. In answering Paragraph 41 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

42. In answering Paragraph 42 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

43. In answering Paragraph 43 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

44. In answering Paragraph 44 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

45. In answering Paragraph 45 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis,

denies them.

46. In answering Paragraph 46 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

47. In answering Paragraph 47 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

48. In answering Paragraph 48 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

49. In answering Paragraph 49 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

50. In answering Paragraph 50 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

## COUNT I: NEGLIGENCE
### All Defendants

51. In answering Paragraph 51 of Plaintiff's Complaint, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

52. In answering Paragraph 52 of Plaintiff's Complaint, CoreCivic admits only that it owes a general duty of care to inmates at CCCC. By so admitting, CoreCivic admits no wrongdoing, and specifically denies all allegations of wrongdoing. CoreCivic denies all remaining allegations in Paragraph 52.

53. CoreCivic denies Paragraph 53 of Plaintiff's Complaint.

54. CoreCivic denies Paragraph 54 of Plaintiff's Complaint.

### COUNT II: RESPONEAT SUPERIOR (as to Count I)
### Defendant CoreCivic

55.   In answering Paragraph 55 of Plaintiff's Complaint, CoreCivic reasserts its answers to the foregoing paragraphs as if set forth fully herein.

56.   In answering Paragraph 56 of Plaintiff's Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations, and on that basis, denies them.

57.   CoreCivic denies Paragraph 57 of Plaintiff's Complaint.

### COUNT III: CRUEL AND UNUSUAL PUNISHMENT
### Defendants Roe, Koehn, and CoreCivic

58.   Paragraph 58 of Plaintiff's Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, CoreCivic denies all allegations of wrongdoing.

59.   CoreCivic denies Paragraph 59 of Plaintiff's Complaint.

60.   CoreCivic denies Paragraph 60 of Plaintiff's Complaint.

61.   CoreCivic denies Paragraph 61 of Plaintiff's Complaint.

62.   CoreCivic denies Paragraph 62 of Plaintiff's Complaint.

63.   CoreCivic denies Paragraph 63 of Plaintiff's Complaint.

64.   CoreCivic denies Paragraph 64 of Plaintiff's Complaint.

65.   CoreCivic denies Paragraph 65 of Plaintiff's Complaint.

66.   CoreCivic denies Paragraph 66 of Plaintiff's Complaint.

67.   CoreCivic denies Paragraph 67 of Plaintiff's Complaint.

### **PRAYER FOR RELIEF**

Answering the Prayer for Relief of Plaintiff's Complaint, CoreCivic denies all allegations of wrongdoing and denies that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

1. As a separate and alternative affirmative defense, CoreCivic alleges that it is entitled to all privileges and immunities existing under New Mexico and federal law, including but not limited to qualified immunity.

2. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's claims may be barred by the applicable statute of limitations.

3. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

4. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff may not have fully and timely exhausted available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, thus entitling CoreCivic to dismissal of all claims asserted against him. *See* 42 U.S.C. § 1997e(a)-(c).

5. As a separate and alternative affirmative defense, CoreCivic alleges that its conduct was not negligent and did not violate the applicable standard of care.

6. As a separate and alternative affirmative defense, CoreCivic alleges that it did not breach any duty owed to Plaintiff.

7. As a separate and alternative affirmative defense, CoreCivic alleges that it was not the actual or proximate cause of Plaintiff's alleged injuries.

8. As a separate and alternative affirmative defense, CoreCivic alleges that neither its operations nor any conduct of any of its employees caused Plaintiff's alleged injuries.

9. As a separate and alternative affirmative defense, CoreCivic alleges that its operation of CCCC complies with the applicable standard of care.

10. As a separate and alternative affirmative defense, CoreCivic alleges that any acts or omissions by it were not a substantial factor in causing Plaintiff's alleged injuries.

11. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's alleged injuries, if any, were proximately caused by an independent intervening/superseding cause for which CoreCivic is not liable.

12. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's injuries, if any, were caused by a third party over whom CoreCivic had no control.

13. As a separate and alternative affirmative defense, CoreCivic alleges that it is severally liable, if at all, only for that portion of the negligence, if any, that can be attributed to it.

14. As a separate and alternative affirmative defense, CoreCivic alleges that it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

15. As a separate and alternative affirmative defense, CoreCivic alleges that if it was negligent, which negligence is specifically denied, then Plaintiff was also negligent in failing and/or neglecting to use that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances and that such negligence proximately caused or contributed to cause all matters complained of in the Complaint, thereby reducing the amount of Plaintiff's recovery for total damages by an amount proportionate to Plaintiff's degree of fault.

16. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's injuries, losses, and damages, if any, were the result of the negligence or intentional act of someone other than this answering Defendant, thereby reducing, or eliminating, any damages owed by CoreCivic.

17. As a separate and alternative affirmative defense, CoreCivic alleges that any action by a CoreCivic employee was not negligent.

18. As a separate and alternative affirmative defense, CoreCivic alleges that if a CoreCivic employee committed a negligent act, that employee was acting outside the scope of their employment.

19. As a separate and alternative affirmative defense, CoreCivic alleges that it cannot be vicariously liable for the negligent conduct of an employee who was acting outside the scope of their employment.

20. As a separate and alternative affirmative defense, CoreCivic alleges that it was not deliberately indifferent to Plaintiff's constitutional rights.

21. As a separate and alternative affirmative defense, CoreCivic alleges that it was not subjectively aware of a substantial risk of serious harm to Plaintiff.

22. As a separate and alternative affirmative defense, CoreCivic alleges that it did not disregard a substantial risk of serious harm to Plaintiff.

23. As a separate and alternative affirmative defense, CoreCivic alleges that it did not personally participate in and/or direct any violation of Plaintiff's rights.

24. As a separate and alternative affirmative defense, CoreCivic alleges that it did not know of any CoreCivic employee who committed any violation of Plaintiff's rights.

25. As a separate and alternative affirmative defense, CoreCivic alleges that it did not personally participate in and/or direct any violation, or know that any CoreCivic employee committed any violation but failed to act to prevent them.

26. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff did not suffer an underlying constitutional violation.

27. As a separate and alternative affirmative defense, CoreCivic did not promulgate a custom, policy, or practice that was the moving force behind any constitutional violation.

28. As a separate and alternative affirmative defense, CoreCivic did not fail to promulgate a custom, policy, or practice, the absence of which was the moving force behind any constitutional violation.

29. As a separate and alternative affirmative defense, no CoreCivic policymaker committed an unconstitutional act such that the act could be attributed to CoreCivic as a CoreCivic custom, policy, or practice.

30. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff failed to mitigate his damages.

31. As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff cannot prove any actual or compensatory damages, and thus, if liability is found, Plaintiff is restricted to recovery of nominal damages, only, not to exceed $1.00.

32. As a separate and alternative affirmative defense, Plaintiff is barred from recovering punitive damages against CoreCivic under 42 U.S.C. § 1983.

33. As a separate and alternative affirmative defense, Plaintiff is barred from recovering punitive damages against any Defendant in their official capacity under 42 U.S.C. § 1983.

34. As a separate and alternative affirmative defense, CoreCivic alleges that it did not act with an evil motive or intent for the purpose of causing harm to Plaintiff, nor did CoreCivic act recklessly or callously with indifference to Plaintiff's constitutional rights, thus barring any recovery of punitive damages.

35. As a separate and alternative affirmative defense, CoreCivic alleges that no CoreCivic employee acted with an evil motive or intent for the purpose of causing harm to Plaintiff, nor did they act recklessly or callously with indifference to Plaintiff's constitutional rights, thus barring any recovery of punitive damages.

36. Although CoreCivic does not have specific facts in support of its remaining defenses at this time, CoreCivic reserves the right to assert the following defenses should subsequent discovery disclose facts in support of them, including, but not limited to laches, release, fraud, res judicata, estoppel, and waiver.

## **DEMAND FOR JURY TRIAL**

CoreCivic demands a jury trial on all triable issues.

**WHEREFORE**, CoreCivic respectfully requests that:

A. Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B. CoreCivic be awarded its costs, expenses, and attorneys' fees; and

C. CoreCivic be awarded such other and further relief as this Court deems just and equitable.

Dated: August 6, 2021

/s/ Jacob B. Lee
DANIEL P. STRUCK, AZ Bar No. 012377
JACOB B. LEE, NM Bar No. 154613
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
jlee@strucklove.com

DEBORAH D. WELLS
DEBRA J. MOULTON
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Adam C. Flores
Laura Schauer Ives
Attorneys for Plaintiff
925 Luna Cir. NW
Albuquerque, NM 87102
*Attorneys for Plaintiff*

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
*Attorneys for Defendants CoreCivic, Inc.
and CoreCivic of Tennessee, LLC*

/s/ Allen Rowley