**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RUBEN ROMERO,

        Plaintiff,

vs.

CORE CIVIC, INC.,
CORE CIVIC OF TENNESSEE, LLC.,
WARDEN BRIAN KOEHN, ANA PADILLA,
and GARRICK PETERSON,

        Defendants.

No. 21-cv-00544-KG-CG

## <u>DEFENDANTS' ANSWER TO AMENDED COMPLAINT</u>

Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC (collectively, "CoreCivic"),[1] Ana Padilla, and Garrick Peterson (collectively, "Defendants"),[2] through counsel, deny each allegation and each claim for relief contained in Plaintiff's Amended Complaint which is not expressly admitted or otherwise pled to. Defendants admit, deny, and allege as follows:

### PRELIMINARY STATEMENT

1.      Paragraph 1 of Plaintiff's Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, the cited case speaks for itself.

2.      Paragraph 2 of Plaintiff's Amended Complaint calls for a legal conclusion,

---

[1] The Amended Complaint incorrectly names Core Civic, Inc. and Core Civic of Tennessee, LLC as defendants. Defendants affirmatively allege that the correct names of these entities are CoreCivic, Inc. and CoreCivic of Tennessee, LLC.

[2] Plaintiff voluntarily dismissed Defendant Warden Koehn from this lawsuit on September 2, 2021. (Dkt. 11.) Only Defendants CoreCivic, Ana Padilla, and Garrick Peterson remain.

to which no response is required and none is given. To the extent a response is required, the cited case speaks for itself.

3. Paragraph 3 of Plaintiff's Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, Defendants admit only that they owe a general duty of care to all inmates at "the Cibola County facility." Defendants deny all remaining allegations in Paragraph 3, and specifically deny all allegations of wrongdoing. Defendants affirmatively allege that the correct name of the facility is Cibola County Correctional Center ("CCCC").

4. Defendants deny Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendants deny Paragraph 5 of Plaintiff's Amended Complaint.

## JURISDICTION, VENUE, AND PARTIES

6. In answering Paragraph 6 of Plaintiff's Amended Complaint, Defendants admit only that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. By so admitting, Defendants do not admit the validity or sufficiency of Plaintiff's claims, both of which are expressly denied. Defendants deny the remaining allegations in Paragraph 6.

7. In answering Paragraph 7 of Plaintiff's Amended Complaint, Defendants admit only that venue is proper and that the events at issue in this matter occurred in Cibola County, New Mexico. By so admitting, Defendants do not admit the validity or sufficiency of Plaintiff's claims, both of which are expressly denied. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations, and on that basis, deny them.

8. In answering Paragraph 8 of Plaintiff's Amended Complaint, Defendants admit only that Plaintiff was housed at CCCC on June 12, 2018 and that they owe a general duty of care to inmates at CCCC. By so admitting, Defendants admit no wrongdoing, and specifically deny all allegations of wrongdoing. Defendants deny all remaining allegations

3983327

in Paragraph 8.

9.     Defendants admit Paragraph 9 of Plaintiff's Amended Complaint. Defendants affirmatively allege that the correct name of the entity is CoreCivic, Inc.

10.     Defendants admit Paragraph 10 of Plaintiff's Amended Complaint. Defendants affirmatively allege that the correct name of the entity is CoreCivic of Tennessee, LLC.

11.     In answering Paragraph 11 of Plaintiff's Amended Complaint, Defendants admit only that CoreCivic transacts business in the State of New Mexico, is registered to do business in the State of New Mexico, and that its registered agent is Kennedy Moulton & Wells, PC, located at 2201 San Pedro N.E., Bldg. 3, Suite 200, Albuquerque, NM 87110. The remaining allegations call for legal conclusions, to which no response is required and none is given. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 11.

12.     The allegations in Paragraph 12 of Plaintiff's Amended Complaint are not directed at these Defendants but are directed to a Defendant who was voluntarily dismissed from this lawsuit (Dkt. 11), such that no response is required and none is given. To the extent a response is required, Defendants deny the allegations.

13.     In answering Paragraph 13 of Plaintiff's Amended Complaint, Defendants admit only that Defendant Padilla was employed by CoreCivic at CCCC on June 12, 2018. Defendants deny the remaining allegations in Paragraph 13.

14.     In answering Paragraph 14 of Plaintiff's Amended Complaint, Defendants admit only that Defendant Peterson was employed by CoreCivic at CCCC as a Detention Officer on June 12, 2018 and that he was assigned to Unit 400 as a roving officer. Defendants deny the remaining allegations in Paragraph 14.

3

## FACTUAL BACKGROUND

15.     In answering Paragraph 15 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

16.     In answering Paragraph 16 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

17.     In answering Paragraph 17 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

18.     In answering Paragraph 18 of Plaintiff's Amended Complaint, Defendants admit only that Rudy Valencia was classified as high custody during his Initial Custody Classification on September 24, 2017. Defendants deny the remaining allegations.

19.     In answering Paragraph 19 of Plaintiff's Amended Complaint, Defendants admit only that Valencia was given a score of 7 for the severity of his current offense. Defendants deny the remaining allegations.

20.     In answering Paragraph 20 of Plaintiff's Amended Complaint, Defendants admit only that Valencia was given a score of 5 for history of institutional violence (behavior not involving a weapon or resulting in serious injury) during his Initial Custody Classification. Defendants deny the remaining allegations.

21.     In answering Paragraph 21 of Plaintiff's Amended Complaint, Defendants admit only that Valencia was housed in Unit 400-A Pod. Defendants deny the remaining allegations.

22.     In answering Paragraph 22 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on

3983327

that basis, deny them.

23.    Defendants deny Paragraph 23 of Plaintiff's Amended Complaint.

24.    In answering Paragraph 24 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them. Defendants affirmatively allege that Plaintiff was booked into CCCC on June 11, 2018 and was classified as high custody with a score of 7 for the severity of his prior criminal convictions during his Initial Custody Classification on June 12, 2018 and that Defendant Padilla performed Plaintiff's Initial Custody Classification.

25.    Defendants deny Paragraph 25 of Plaintiff's Amended Complaint.

26.    Defendants deny Paragraph 26 of Plaintiff's Amended Complaint.

27.    Defendants deny Paragraph 27 of Plaintiff's Amended Complaint.

28.    Defendants deny Paragraph 28 of Plaintiff's Amended Complaint.

29.    In answering Paragraph 29 of Plaintiff's Amended Complaint, CoreCivic admits only that Plaintiff was assigned to Unit 400-A Pod at the time of the events at issue in this matter. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations, and on that basis, deny them.

30.    In answering Paragraph 30 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

31.    In answering Paragraph 31 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

32.    Defendants deny Paragraph 32 of Plaintiff's Amended Complaint.

33.    Defendants deny Paragraph 33 of Plaintiff's Amended Complaint.

34.    In answering Paragraph 34 of Plaintiff's Amended Complaint, Defendants

3983327

are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

35.     In answering Paragraph 35 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

36.     Defendants deny Paragraph 36 of Plaintiff's Amended Complaint.

37.     In answering Paragraph 37 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

38.     In answering Paragraph 38 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

39.     Defendants deny Paragraph 39 of Plaintiff's Amended Complaint.

40.     In answering Paragraph 40 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

41.     In answering Paragraph 41 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

42.     In answering Paragraph 42 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

43.     In answering Paragraph 43 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

3983327

44.    In answering Paragraph 44 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

45.    In answering Paragraph 45 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

46.    In answering Paragraph 46 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

47.    In answering Paragraph 47 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

48.    In answering Paragraph 48 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

49.    In answering Paragraph 49 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

50.    In answering Paragraph 50 of Plaintiff's Amended Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations, and on that basis, deny them.

**COUNT I: NEGLIGENCE**
**All Defendants**

51.    In answering Paragraph 51 of Plaintiff's Amended Complaint, Defendants reassert their answers to the foregoing paragraphs as if set forth fully herein.

52.    In answering Paragraph 52 of Plaintiff's Amended Complaint, Defendants

7

3983327

admit only that they owe a general duty of care to inmates at CCCC. By so admitting, Defendants admit no wrongdoing, and specifically deny all allegations of wrongdoing. Defendants deny all remaining allegations in Paragraph 52.

53. Defendants deny Paragraph 53 of Plaintiff's Amended Complaint.

54. Defendants deny Paragraph 54 of Plaintiff's Amended Complaint.

## COUNT II: RESPONEAT SUPERIOR (as to Count I)
### Defendant CoreCivic

55. In answering Paragraph 55 of Plaintiff's Amended Complaint, Defendants reassert their answers to the foregoing paragraphs as if set forth fully herein.

56. Allegations in Paragraph 56 of Plaintiff's Amended Complaint are directed to a Defendant who was voluntarily dismissed from this lawsuit (Dkt. 11), such that no response is required and none is given. Defendants admit only that Defendants Padilla and Peterson were employees of CoreCivic at CCCC on June 12, 2018. The remaining allegations call for a legal conclusion, to which no response is required and none is given. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 56.

57. Defendants deny Paragraph 57 of Plaintiff's Amended Complaint.

## COUNT III: CRUEL AND UNUSUAL PUNISHMENT
### Defendants Peterson, Koehn, and CoreCivic

58. Paragraph 58 of Plaintiff's Amended Complaint calls for a legal conclusion, to which no response is required and none is given. To the extent a response is required, Defendants deny all allegations of wrongdoing.

59. Defendants deny Paragraph 59 of Plaintiff's Amended Complaint.

60. The allegations in Paragraph 60 of Plaintiff's Amended Complaint are directed to a Defendant who was voluntarily dismissed from this lawsuit (Dkt. 11), such that no response is required and none is given. To the extent a response is required,

3983327

Defendants deny the allegations.

61.     The allegations in Paragraph 61 of Plaintiff's Amended Complaint are directed to a Defendant who was voluntarily dismissed from this lawsuit (Dkt. 11), such that no response is required and none is given. To the extent a response is required, Defendants deny the allegations.

62.     Defendants deny Paragraph 62 of Plaintiff's Amended Complaint.

63.     Defendants deny Paragraph 63 of Plaintiff's Amended Complaint.

64.     The allegations in Paragraph 64 of Plaintiff's Amended Complaint are directed to a Defendant who was voluntarily dismissed from this lawsuit (Dkt. 11), such that no response is required and none is given. To the extent a response is required, Defendants deny the allegations.

65.     The allegations in Paragraph 65 of Plaintiff's Amended Complaint are directed to a Defendant who was voluntarily dismissed from this lawsuit (Dkt. 11), such that no response is required and none is given. To the extent a response is required, Defendants deny the allegations.

66.     In answering Paragraph 66 of Plaintiff's Amended Complaint, Defendants admit only that Defendant Peterson was a Detention Officer assigned to Unit 400-A Pod on June 12, 2018. By so admitting, Defendants admit no wrongdoing, and specifically deny all allegations of wrongdoing. Defendants deny all remaining allegations in Paragraph 66.

67.     Defendants deny Paragraph 67 of Plaintiff's Amended Complaint.

## **PRAYER FOR RELIEF**

Answering the Prayer for Relief of Plaintiff's Amended Complaint, Defendants deny all allegations of wrongdoing and deny that Plaintiff is entitled to any of the relief he seeks.

3983327

## AFFIRMATIVE DEFENSES

1.       As a separate and alternative affirmative defense, Defendants allege that they are entitled to all privileges and immunities existing under New Mexico and federal law, including but not limited to qualified immunity.

2.       As a separate and alternative affirmative defense, Defendants allege that Plaintiff's claims may be barred by the applicable statute of limitations.

3.       As a separate and alternative affirmative defense, Defendants allege that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

4.       As a separate and alternative affirmative defense, Defendants allege that Plaintiff may not have fully and timely exhausted available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, thus entitling Defendants to dismissal of all claims asserted against him. *See* 42 U.S.C. § 1997e(a)-(c).

5.       As a separate and alternative affirmative defense, Defendants allege that their conduct was not negligent and did not violate the applicable standard of care.

6.       As a separate and alternative affirmative defense, Defendants allege that they did not breach any duty owed to Plaintiff.

7.       As a separate and alternative affirmative defense, Defendants allege that they were not the actual or proximate cause of Plaintiff's alleged injuries.

8.       As a separate and alternative affirmative defense, Defendants allege that neither their operations nor any conduct of any of Defendant CoreCivic's employees caused Plaintiff's alleged injuries.

9.       As a separate and alternative affirmative defense, Defendants allege that Defendant CoreCivic's operation of CCCC complies with the applicable standard of care.

3983327

10.     As a separate and alternative affirmative defense, Defendants allege that any acts or omissions by them were not a substantial factor in causing Plaintiff's alleged injuries.

11.     As a separate and alternative affirmative defense, Defendants allege that Plaintiff's alleged injuries, if any, were proximately caused by an independent intervening/superseding cause for which CoreCivic is not liable.

12.     As a separate and alternative affirmative defense, Defendants allege that Plaintiff's injuries, if any, were caused by a third party over whom CoreCivic had no control.

13.     As a separate and alternative affirmative defense, Defendants allege that they are severally liable, if at all, only for that portion of the negligence, if any, that can be attributed to them.

14.     As a separate and alternative affirmative defense, Defendants allege that they acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

15.     As a separate and alternative affirmative defense, Defendants allege that if they were negligent, which negligence is specifically denied, then Plaintiff was also negligent in failing and/or neglecting to use that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances and that such negligence proximately caused or contributed to cause all matters complained of in the Amended Complaint, thereby reducing the amount of Plaintiff's recovery for total damages by an amount proportionate to Plaintiff's degree of fault.

16.     As a separate and alternative affirmative defense, Defendants allege that Plaintiff's injuries, losses, and damages, if any, were the result of the negligence or

11

3983327

intentional act of someone other than Defendants, thereby reducing, or eliminating, any damages owed by Defendants.

17.    As a separate and alternative affirmative defense, Defendants allege that any action by a CoreCivic employee was not negligent.

18.    As a separate and alternative affirmative defense, Defendants allege that if a CoreCivic employee committed a negligent act, that employee was acting outside the scope of their employment.

19.    As a separate and alternative affirmative defense, Defendant CoreCivic alleges that it cannot be vicariously liable for the negligent conduct of an employee who was acting outside the scope of their employment.

20.    As a separate and alternative affirmative defense, Defendants allege that they were not deliberately indifferent to Plaintiff's constitutional rights.

21.    As a separate and alternative affirmative defense, Defendants allege that they were not subjectively aware of a substantial risk of serious harm to Plaintiff.

22.    As a separate and alternative affirmative defense, Defendants allege that they did not disregard a substantial risk of serious harm to Plaintiff.

23.    As a separate and alternative affirmative defense, Defendants allege that they did not personally participate in and/or direct any violation of Plaintiff's rights.

24.    As a separate and alternative affirmative defense, Defendants allege that they did not know of any CoreCivic employee who committed any violation of Plaintiff's rights.

25.    As a separate and alternative affirmative defense, Defendants allege that they did not personally participate in and/or direct any violation, or know that any CoreCivic employee committed any violation but failed to act to prevent them.

26.    As a separate and alternative affirmative defense, Defendants allege that Plaintiff did not suffer an underlying constitutional violation.

12

3983327

27.    As a separate and alternative affirmative defense, CoreCivic did not promulgate a custom, policy, or practice that was the moving force behind any constitutional violation.

28.    As a separate and alternative affirmative defense, CoreCivic did not fail to promulgate a custom, policy, or practice, the absence of which was the moving force behind any constitutional violation.

29.    As a separate and alternative affirmative defense, no CoreCivic policymaker committed an unconstitutional act such that the act could be attributed to CoreCivic as a CoreCivic custom, policy, or practice.

30.    As a separate and alternative affirmative defense, Defendants allege that Plaintiff failed to mitigate his damages.

31.    As a separate and alternative affirmative defense, Defendants allege that Plaintiff cannot prove any actual or compensatory damages, and thus, if liability is found, Plaintiff is restricted to recovery of nominal damages, only, not to exceed $1.00.

32.    As a separate and alternative affirmative defense, Plaintiff is barred from recovering punitive damages against Defendants under 42 U.S.C. § 1983.

33.    As a separate and alternative affirmative defense, Plaintiff is barred from recovering punitive damages against any Defendant in their official capacity under 42 U.S.C. § 1983.

34.    As a separate and alternative affirmative defense, Defendants allege that they did not act with an evil motive or intent for the purpose of causing harm to Plaintiff, nor did Defendants act recklessly or callously with indifference to Plaintiff's constitutional rights, thus barring any recovery of punitive damages.

35.    As a separate and alternative affirmative defense, Defendants allege that no CoreCivic employee acted with an evil motive or intent for the purpose of causing harm to

3983327

Plaintiff, nor did they act recklessly or callously with indifference to Plaintiff's constitutional rights, thus barring any recovery of punitive damages.

36.    Although Defendants do not have specific facts in support of its remaining defenses at this time, Defendants reserve the right to assert the following defenses should subsequent discovery disclose facts in support of them, including, but not limited to laches, release, fraud, res judicata, estoppel, and waiver.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all triable issues.

**WHEREFORE**, Defendants respectfully request that:

A.    Plaintiff's Amended Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B.    Defendants be awarded their costs, expenses, and attorneys' fees; and

C.    Defendants be awarded such other and further relief as this Court deems just and equitable.

Dated:  February 8, 2022

/s/ Jacob B. Lee
Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
Kristina R. Rood, AZ Bar No. 035097
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
jlee@strucklove.com
krood@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110

14

3983327

Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Inc., CoreCivic of Tennessee, LLC, Ana Padilla, and Garrick Peterson*

15

3983327

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Adam C. Flores
Laura Schauer Ives
Alyssa D. Quijano
IVES & FLORES, PA
925 Luna Cir. NW
Albuquerque, NM 87102
adam@nmcivilrights.com
laura@nmcivilrights.com
alyssa.q@nmcivilrights.com
*Attorneys for Plaintiff*

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorneys for Defendants CoreCivic, Inc.,*
*CoreCivic of Tennessee, LLC, Ana Padilla,*
*and Garrick Peterson*

/s/ Allen Rowley

16

3983327