IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ROMERO,

    Plaintiff,

v.                                                                                                       No. CV 21-544 KG/CG

CORE CIVIC, INC., et al.,

    Defendants.

## ORDER DENYING ATTORNEY FEES

**THIS MATTER** is before the Court on Plaintiff Ruben Romero's *Motion to Compel Against Defendants Core Civic Inc.* (the "Motion"), (Doc. 36), filed February 3, 2022, wherein Plaintiff asked that the Court award attorney fees. (Doc. 36 at 7). The Court held a Motion Hearing on March 10, 2022, at which the Court granted in part and denied in part Plaintiff's Motion, ordering Defendants to produce four of the twenty policies Plaintiff originally requested, as well as classification records and names of inmates housed with Plaintiff, but declining to order Defendants to produce the requested personnel files. *See* (Doc. 50); (Doc. 53).

Plaintiff argues he is entitled to attorney fees, stating that the parties conferred repeatedly and for months prior to Plaintiff's filing of the Motion. (Doc. 46 at 1). Plaintiff contends that Defendant's nondisclosure was not substantially justified, as the requested evidence was relevant and proportional to the needs of the case. (Doc. 36 at 3, 7). Defendants, however, maintain that Plaintiff is not entitled to attorney fees. (Doc. 41 at 18). Defendants allege Plaintiff failed to meet and confer with regard to the inmates' names, and failed to adequately meet and confer regarding the requested policies, before filing the Motion. *Id.* Defendants contend that their nondisclosure of the

requested documents was substantially justified as those documents are not relevant to the standard of care, and as disclosure of the personnel records would be an "invasion of privacy." *Id.* at 19.

If a motion to compel is granted, or requested discovery is provided after a motion to compel is filed, the Court "must, after giving an opportunity to be heard," require the party or attorney whose conduct necessitated the motion, or both, to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). The Court must *not* order payment, however, if: "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; the party's "nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

For the reasons discussed at the Motion Hearing, the Court finds that there was a "genuine dispute" as to the appropriateness of production of the requested documents, and that Defendants' nondisclosure was thus substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Likewise, the Court finds that as to the nondisclosure of names, other circumstances—namely, the nonexistence of the records upon which Defendants were relying for the information—make an award of expenses unjust. The Court will therefore decline to award fees. FED. R. CIV. P. 37(a)(5)(A)(ii)-(iii).

**IT IS THEREFORE ORDERED** that Plaintiff shall not be awarded fees related to his *Motion to Compel Against Defendants CoreCivic Inc.*, (Doc. 36).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE