IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ROMERO,

        Plaintiff,

vs.

CORE CIVIC, INC.,
CORE CIVIC OF TENNESSEE, LLC.,
WARDEN BRIAN KOEHN, and
DETENTION OFFICERS JOHN DOE
And JOHN ROE,

        Defendants.

No. 21-cv-00544-KG-CG

## AMENDED PROTECTIVE AGREEMENT AND ORDER

Upon joint motion by the parties and pursuant to the terms of the following Amended Protective Agreement ("Agreement"), the Court enters the following PROTECTIVE ORDER.

1. For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic or video recording or transcript of oral testimony, whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26); (2) confidential personal information related to current or former employees of CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic"), the disclosure of which might invade those current or former employees' privacy; (3) documents containing financial, pricing, or contractual information, unless they are already public records; (4) security-sensitive information related to the operation of any CoreCivic facility; (5) confidential information relating to or identifying current or former inmates, the disclosure of

which might invade those inmates' privacy, (6) protected personal identifying information of non-parties, and (7) medical records. CONFIDENTIAL INFORMATION is specifically intended to include, but is not limited to: (1) CoreCivic's policies and procedures, unless they are already public records; (2) CoreCivic's training materials, information, and documents, unless they are already public records; (3) Post Orders, unless they are already public records; (4) CoreCivic's investigative materials, to the extent, if any, they apply to Plaintiff's claims, unless they are already public records; (5) grievance logs, unless they are already public records; (6) facility diagrams, including information related to the placement of security cameras, unless they are already public records; (7) bonus and/or financial information, unless they are already public records; (8) any of CoreCivic's employee or independent contractor files, unless they are already public records; (9) Plaintiff's medical records, and (10) records related to Plaintiff's juvenile criminal history and/or delinquency proceedings. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's right to object to the classification of any information as confidential and to submit the issue to the Court for resolution. Nor does anything in this Order require a party to produce such confidential information.

2. By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as

required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

    3.    It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as "CONFIDENTIAL" will be subject to this Protective Agreement and the Court's Protective Order. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

    4.    Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

    a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

    b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

    c. All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 7 and 9.

    d. Any party may designate any portion of a deposition, not previously designated as CONFIDENTIAL INFORMATION, within 30 days of receipt of the transcript of said deposition, by the party, as confidential information, by advising all counsel of record of their designation of the specific portions of the deposition as confidential and shall be treated as if designated initially at the deposition, from that point forward.

5. The parties acknowledge that this Order does not entitle them to seal CONFIDENTIAL INFORMATION filed with the Court. In the event a party seeks to file any document containing CONFIDENTIAL INFORMATION subject to protection under this Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the CONFIDENTIAL INFORMATION contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the CONFIDENTIAL INFORMATION contained in the document and stating whether the designated material is sealable, and if so why, within 14 days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the 14-day time period, the submitting party may file the document in the public record after the motion is denied.

6. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a document

containing CONFIDENTIAL INFORMATION may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the CONFIDENTIAL INFORMATION as may be required by a scheduling or other order. Any party may move the Court for an order that the CONFIDENTIAL INFORMATION be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection(s) may be afforded to such information at the trial or hearing.

7. Unless otherwise provided in this Order, see Paragraph 9, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and to the following counsel and experts: attorneys in this action (including their staff), consulting attorneys, or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure or a court order. Any attorney or expert to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order. Nothing in this Order shall preclude Plaintiff from reviewing his own CONFIDENTIAL INFORMATION. Similarly, nothing in this Order shall preclude Plaintiff's counsel from consulting with Plaintiff about information necessary to the prosecution of Plaintiff's claims, including information from documents marked CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY, and reviewing such documents with Plaintiff in counsel's presence. Plaintiff's counsel shall not, however, give copies of any such documents to Plaintiff, whether in paper, electronic, or other format, and Plaintiff shall not be permitted to possess copies of such documents, whether in paper, electronic, or other format. Similarly, counsel shall not give a written or otherwise recorded memorialization of information contained in documents marked CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES

ONLY to Plaintiff, whether in paper, electronic, or other format, and Plaintiff shall not be permitted to possess copies of such memorializations, whether in paper, electronic, or other format. Plaintiff shall not share any repetition or characterization of what he has viewed or learned from documents marked CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES ONLY with anyone other than his counsel, including any other current or former inmate or detainee or member of the general public. Before viewing or learning such information, Plaintiff will be furnished with a copy of the Protective Order and will be subject to the Order.

8. CONFIDENTIAL INFORMATION containing address, identifying information, dependent information, or contact information concerning former or current CoreCivic employees/independent contractors will not be disclosed to any current or former inmate or member of the general public. Access will be restricted to the attorneys in this action (including their staff) and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any CoreCivic employee, at any CoreCivic facility, will not be disclosed to any present or former inmate, unless they are already public records. Such information will be produced with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." CONFIDENTIAL INFORMATION so labeled shall not be disclosed to the public or to any current or former inmate, and will be handled accordingly at all times barring a written agreement by the disclosing party to modify or remove the designation or a court order. The terms of this Protective Order are not to be construed as an agreement by CoreCivic or its employees to disclose security-sensitive information related to the operation of any CoreCivic facility.

9. If any party's counsel or experts are required by law or court order to disclose designated CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph

7, the name of that person or entity will be furnished to the other party as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that they may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 7 who is then entitled to received CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order.

      10.    If Plaintiff's counsel uses and discloses CONFIDENTIAL INFORMATION produced pursuant to this Agreement in other lawsuits, all terms of this Agreement will apply to the use of the CONFIDENTIAL INFORMATION in the other lawsuits. If Plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, Plaintiff's counsel will provide written notification to the Office of the General Counsel of CoreCivic and/or Struck Love Bojanowski & Acedo, PLC, specifying the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement that Plaintiff's counsel intends to use in the other lawsuit. Plaintiff's counsel will provide such notification in sufficient time (not less than two weeks) prior to the use of the CONFIDENTIAL INFORMATION in the subsequent lawsuit to allow CoreCivic and/or Struck, Love, Bojanowski & Acedo, PLC to object to the use of the CONDIDENTIAL INFORMATION should they desire to do so.

      11.    Counsel for the parties retains the right to challenge the designation of all or part of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the proprietary or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

12. Nothing in this Protective Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order. Moreover, by agreeing generally in this Protective Order that certain categories will be covered as confidential, the parties do not waive the right to challenge the relevance, discoverability, or admissibility of documents that fall within those categories.

13. Upon completion of this action, the parties and their respective legal counsel shall either destroy all copies of confidential documents covered by this Order and certify that they have done so in writing or return them to counsel for the producing party.

14. Each person designated in Paragraphs 7 and 9, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are knowns and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

Approved by:

IVES & FLORES, P.A.

*/s/ Alyssa D. Quijano*
Alyssa D. Quijano
Laura Schauer Ives
Adam C. Flores
925 Luna Cir. NW
Albuquerque, NM  87102
(505) 364-3858

alyssa.q@nmcivilrights.com
laura@nmcivilrights.com
adam@nmcivilrights.com
*Attorneys for Plaintiff*

-and-

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

*Approved via electronic mail 07/01/22*
Kristina Rood
Jacob B. Lee
Daniel P. Struck
Struck, Love, Bojanowski, & Acedo, PLC
3100 West Ray Rd., Ste. 300
Chandler, AZ 85226
dstruck@strucklove.com
jlee@strucklove.com
*Attorneys for Defendants*

-and

YLAW, P.C.

*Approved via electronic mail 07/08/22*
Michael S. Jahner
4908 Alameda Blvd., NE
Albuquerque, NM 87113
(505) 266-3995
mjahner@ylawfirm.com
*Attorneys for Defendant Garrick Peterson*

9