IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ROMERO,

    Plaintiff,

v.                                                                                                     No. 1:21-cv-544 KG/KRS

CORE CIVIC, INC.,
CORE CIVIC OF TENNESSEE, LLC,
ANA PADILLA, and GARRICK PETERSON

    Defendants.

### ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Second Motion to Compel, (Doc. 92), filed July 25, 2022. Defendants filed a response on August 8, 2022, and Plaintiff filed a reply on August 26, 2022. (Docs. 99 and 107). Having considered the parties' briefing, record of the case, and relevant law, the Court grants in part Plaintiff's Second Motion to Compel, (Doc. 92), as set forth below.

    **I.**    **Background**

Plaintiff brings claims against Defendants for negligence/respondeat superior and violation of the Eighth Amendment for injuries he received when he was assaulted on June 12, 2018 by several inmates in a pod at the Cibola County Correctional Center ("CCCC"). *See* (Doc. 17) at 1-2. The CCCC was operated by CoreCivic, Inc. at the time of the incident. *Id.* Plaintiff claims the attack was a direct result of failures by on-duty staff the day of the attack, and of negligence by CoreCivic in its operation of the CCCC. Plaintiff seeks damages for physical, emotional, and psychological injuries. *Id.* at 2.

In his Second Motion to Compel, Plaintiff states that deposition testimony by Defendant Peterson "has made it clear CoreCivic staff at CCCC frequently failed to adequately perform

their duties," "refused to enforce policies designed to keep inmates safe, failed to arrive for assigned shifts, were forced to work excessive hours, and often slept on the job." (Doc. 92) at 2. After this deposition, Plaintiff requested additional documents, including records reflecting investigation or resulting discipline of staff failing to adequately perform their duties. *Id.* Specifically, Plaintiff seeks production of records responsive to Request for Production ("RFP") 20, which seeks "documentation reflecting investigation, discipline, or termination of staff based on their failure to adequately perform their duties." *Id.* at 3. Plaintiff also seeks attorneys' fees and expenses incurred in filing this motion. *Id.* at 5.

In response, Defendants argue that RFP 20 is overly broad because it seeks records for "all investigation, discipline, or termination of all [CCCC] staff for any disciplinary actions, including but not limited to staff sleeping on the job, failing to show for an assigned shift, absence without leave, absence from assigned post, or failing to perform assigned duties on shift from June 12, 2015 to present." (Doc. 99) at 3 (citing Doc. 92-1 at 2) (internal quotation marks and brackets omitted). Defendants contend this RFP is overbroad in time because it seeks information dating three years prior to the incident and four years after the incident, and it is not proportional to the needs of the case because it seeks information about CCCC staff who are not named parties and were not involved in the subject incident. *Id.* at 3-4. Defendants also object to the RFP because it seeks information for a variety of disciplinary actions, most of which are unrelated to the claims at issue. *Id.* at 4. Defendants argue the RFP seeks irrelevant information because Plaintiff has only pled a claim for deliberate indifference on the date of the incident. Defendants further argue that Defendant Peterson lacks any foundation for his testimony about the hours worked by detention staff because he did not have any supervisory responsibilities and

2

would not be privy to other detention officers' timesheets, schedules, or complaints filed regarding the conditions of their employment. *Id.* at 4-6.

In his reply, Plaintiff disputes that the information sought in RFP 20 is overly broad or irrelevant. Plaintiff argues the records are relevant to the issue of whether officers were overworked and tired at the time of the attack and that this was a pervasive problem at the CCCC. (Doc. 107) at 2-4.

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of

propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

**III.   Discussion**

Request for Production 20 states:

> Please produce all documents reflecting the investigation, discipline, or termination of staff based on failure to adequately perform their duties, including but not limited to sleeping on-the-job, failure to show for an assigned shift, absence without official leave (AWOL), absence from assigned post, or failure to perform assigned duties on-shift between June 12, 2015 and present date. Please include with your answer any documents reflecting the suspected conduct, documents generated during any resulting investigation, proposed action, and any disciplinary action taken against the employee.

(Doc. 92-1) at 2.  The Court agrees with Defendants that the RFP is overly broad and seeks irrelevant information because, as worded, it seeks disciplinary information for all staff and is not sufficiently limited to the time period at issue.  While Plaintiff argues that the CCCC "is plagued with understaffing that led to overworked, over-tired detention staff who were unable (or unwilling) to safely and adequately perform their duties," Plaintiff does not explain how records about disciplinary actions for staff members not involved in the incident, and not limited to the time period surrounding the incident, are relevant to the Plaintiff's specific claims.  (Doc. 107) at 1.  Therefore, the Court finds that this request seeks information outside the scope of discovery.

Nevertheless, as acknowledged by Defendants in their response, documents responsive to this RFP are relevant for persons involved in the subject incident and limited to a reasonable time period before and after the incident.  *See* (Doc. 99) at 3 (arguing the RFP is overly broad because it is not limited to persons involved in the incident and to a relevant time period).  The Court further finds that disciplinary records pertaining to persons who were supposed to be present on the date of the incident are relevant to Plaintiff's claim that the CCCC was understaffed.

Therefore, the Court will grant the Motion to Compel in part and Defendants shall produce all documents reflecting the investigation, discipline, or termination of staff based on failure to adequately perform their duties, but limited to those persons who were on duty the date of the subject incident, or were supposed to be on duty on the date of the incident, and limited to one year prior to and one year after the incident (June 12, 2017 through June 12, 2019).  Because the Court grants the Motion to Compel in part, the Court finds that attorneys' fees under Rule 37(a)(5) are not warranted.

       IT IS THEREFORE ORDERED that Plaintiff's Second Motion to Compel, (Doc. 92), is GRANTED in part as set forth above.  Defendants shall provide the responsive documents by **October 17, 2022**.

       IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE