IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ROMERO,

    Plaintiff,

v.                                                                                                 No. 1:21-cv-544 KG/KRS

CORE CIVIC, INC.,
CORE CIVIC OF TENNESSEE, LLC,
ANA PADILLA, and GARRICK PETERSON

    Defendants.

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**

THIS MATTER is before the Court on the Motion to Compel, (Doc. 93), filed by CoreCivic, Inc., CoreCivic of Tennessee, LLC, and Ana Padilla ("CoreCivic Defendants" or "Defendants"), on July 25, 2022. Plaintiff filed a response to the Motion to Compel on August 8, 2022, and Defendants filed a reply on August 26, 2022. (Docs. 101 and 108). Having considered the parties' briefing, record of the case, and relevant law, the Court grants in part Defendants' Motion to Compel, (Doc. 93), as set forth below.

**I.    Background**

Plaintiff brings claims against Defendants for negligence/respondeat superior and violation of the Eighth Amendment for injuries he received when he was assaulted on June 12, 2018 by several inmates in a pod at the Cibola County Correctional Center ("CCCC"). *See* (Doc. 17) at 1-2. The CCCC was operated by CoreCivic, Inc. at the time of the incident. *Id.* Plaintiff claims the attack was a direct result of failures by on-duty staff the day of the attack, and of negligence by CoreCivic in its operation of the CCCC. Plaintiff seeks damages for physical, emotional, and psychological injuries. *Id.* at 2.

In their Motion to Compel, Defendants ask the Court to compel Plaintiff to produce a compressed file containing the entire history of each social media profile that shows "Plaintiff's physical and/or mental condition, emotional state, social life, relationship with Rudy Valencia, and/or regarding the subject incident." (Doc. 93) at 1; (Doc. 93-1) at 6 (Request for Production "RFP" 8). Defendants assert that, when Plaintiff arrived at CCCC, he was asked a series of questions to determine whether there were any inmates with whom he could not be safely housed. (Doc. 93) at 6. Plaintiff answered "no" to those questions, and was subsequently housed in the same unit as Rudy Valencia, who was his co-defendant in the 2015 murder for which Plaintiff and Mr. Valencia were later convicted. Mr. Valencia was then involved in the assault on Plaintiff on June 12, 2018. *See* (Doc. 101) at 4. Defendants seek to refute Plaintiff's argument that he did not know that Mr. Valencia was housed at CCCC at the time, and that CCCC personnel should have known that Plaintiff could not be safely housed with Mr. Valencia. *Id.* at 7. Defendants contend that Plaintiff was friends with Mr. Valencia on Facebook prior to his incarceration at CCCC, so Plaintiff's social media profiles are probative as to whether Plaintiff knew that Mr. Valencia was incarcerated at the facility. *Id.* at 8.

Defendants also argue the request seeks information relevant to Plaintiff's claims for emotional distress damages resulting from the subject incident because Plaintiff testified during his deposition that he suffered from post-traumatic stress disorder ("PTSD") prior to his incarceration at CCCC. *Id.* at 5. In discussions with Plaintiff's counsel about RFP 8, Defendants agreed to limit the time-period for the requested records to a three-year period of time from the date of the 2015 murder to the date of the subject incident. *Id.* Defendants also seek attorneys' fees and expenses incurred in filing this motion because Plaintiff's refusal to produce responsive

4

documents was not substantially justified and Plaintiff failed to make a reasonable inquiry to obtain responsive information. *Id.* at 9-12.

In response, Plaintiff argues that his social media posts are not relevant to any party's claims or defenses. (Doc. 101) at 3-4. Plaintiff states that he created a Facebook account in 2012 when he was 12 or 13 years old, and Plaintiff's counsel states they also found Snapchat and Instagram accounts for Plaintiff. *Id.* at 4, n.2. Plaintiff states that he has not had any ability to personally access his social media since he was incarcerated on June 11, 2018, or during any period of incarceration prior to that date. *Id.* at 5. Additionally, Plaintiff contends that Defendants have sufficient access to information about Plaintiff's relationship with Mr. Valencia and Plaintiff's injuries, including emotional distress injuries, from deposition testimony and medical records. *Id.* at 5-6.

In reply, Defendants maintain that the request seeks relevant information about Plaintiff's claim for emotional distress damages and Defendants' comparative negligence defense that Plaintiff knew or should have known that Mr. Valencia was housed at CCCC. (Doc. 108) at 3-4. Therefore, Defendants seek information responsive to RFP 8 and limited to the three-year time period of September 30, 2015 through June 12, 2018. *Id.* at 12-13.

II.     **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in

3

evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

### III. Discussion

Request for Production 8 states:

> Produce a compressed file containing the entire history of for each social media profile maintained by Plaintiff, identified in response to Interrogatory Number 20 served simultaneously with these Requests, including, but not limited to, Facebook, Twitter, MySpace, Instagram, SnapChat, OnlyFans, Twitch, Triller, HouseParty, Soundcloud, Vimeo, WhatsApp, Tumblr, Twitter [sic], Google+, LinkedIn, Reddit, Foursquare, Nextdoor, YouTube, Flickr, TikTok, Triller [sic], and/or any other social media/media sharing platform Plaintiff maintained as identified by Plaintiffs in response to Interrogatory Number 20, showing Plaintiff's physical and/or mental condition, emotional state, social life, relationship with Rudy Valencia, and/or regarding the subject incident, by downloading all content including photos, ads, timelines, walls, and information from your user and account history files. For Facebook data please utilize "Facebook's Download Your Information" tool and produce all associated information with metadata. Pursuant to Fed. R. Civ. P. 26, 34, and your obligation to preserve all electronically stored information, you were required to

> preserve, as is, all information contained within your social media internet accounts and profiles, and to not change or make additions or deletions to the same. If the profiles and/or content no longer exist, identify the date it was disabled/deleted, why, and at whose direction.

(Doc. 93-1) at 3.  Plaintiff responded to RFP 8 as follows:

> Plaintiff objects to this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence, overly broad, vague, unduly burdensome, and harassing. Subject to and without waiving stated objections, Plaintiff has no responsive documents. Plaintiff states that he does not have a Twitter, MySpace, Instagram, SnapChat, OnlyFans, Twitch, Triller, HouseParty, Soundcloud, Vimeo, WhatsApp, Tumblr, Twitter, Google+, LinkedIn, Reddit, Foursquare, Nextdoor, YouTube, Flickr, TikTok, Triller, and/or any other social media/media sharing platform account. Plaintiff states that he had a Facebook account which he started in roughly 2012 or so. Plaintiff does not recall if the account is active. He does not recall if his account was public. His username was likely Ruben Romero but he does not remember. Plaintiff has been in custody since the date of his attack on June 12, 2018 and has not had access to any social media account since.
>
> SUPPLEMENTAL RESPONSE: Plaintiff had a SnapChat, but is unsure of when it was created, and does not know his username.

*Id.* at 4-5.  In his response to Defendants' Motion to Compel, Plaintiff states that he also has an Instagram account.  (Doc. 101) at 4, n.2.

The Court finds that the information sought in this RFP is relevant to the issues of whether Plaintiff knew that Mr. Valencia or others involved in the incident were housed at CCCC and as to his emotional distress damages.  As explained by Defendants, Plaintiff stated in his deposition that Grants, New Mexico is a small town where "everyone knows everyone," and "if someone went to jail, you would probably know about it."  (Doc. 108) at 6.  He further testified that he grew up with Mr. Valencia, Mr. Valencia's mother was dating Plaintiff's uncle, and Plaintiff "hung out with Valencia every day, and was friends with him on Facebook."  *Id.*

5

(citations and brackets omitted).  Plaintiff also knew Daniel Mariano, another inmate involved in the June 12, 2018 incident, and was friends with him on Facebook.  *Id.*  These connections establish that Plaintiff's social media history may contain information that is relevant to the parties' claims and defenses.

Similarly, the information sought in RFP 8 is relevant to Plaintiff's claims for emotional distress damages.  Plaintiff claims that he suffered emotional distress and PTSD as a result of the subject incident, however Plaintiff also testified at his deposition that he suffered from PTSD prior to his incarceration at CCCC as a result of the 2015 murder.  *See* (Doc. 93) at 5.  Plaintiff attested that he had access to and participated in social media between the date of the murder and his incarceration at CCCC.  *Id.* at 5-6 (citing Plaintiff's deposition testimony and responses to discovery requests).  Therefore, the Court agrees with Defendants that Plaintiff's social media accounts may shed light on Plaintiff's mental and emotional state prior to his arrival at CCCC, so they are relevant to the issue of determining the extent to which his emotional distress injuries were pre-existing based on Plaintiff's involvement in the 2015 murder.  *See* (Doc. 101) at 3.

Based on the foregoing, the Court finds that the information sought in RFP 8 is relevant to the parties' claims and defenses because it could make a fact more or less probable than it would be without the evidence.  Defendants have agreed to limit the time period for the requested records from September 30, 2015 (the date of the murder for which Plaintiff and Mr. Valencia were incarcerated), to June 12, 2018 (the date of the subject incident).  Defendants have further clarified that they seek "information contained on [Plaintiff's] social media accounts that is probative of his physical and/or mental condition, emotional state, social life, relationship with Rudy Valencia, and/or information regarding the subject incident."  (Doc. 101) at 15.  The Court finds that these parameters are reasonable, and accordingly finds the RFP is not unduly

6

burdensome.  Therefore, the Court will grant Defendants' Motion to Compel in part and Plaintiff shall produce information from his social media accounts that is relevant to his physical condition, mental condition, emotional state, social life, relationship with Rudy Valencia, and the subject incident, from September 30, 2015 through June 12, 2018.  Because the Court grants the Motion to Compel in part, the Court finds that attorneys' fees under Rule 37(a)(5) are not warranted.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel, (Doc. 93), is GRANTED in part as set forth above.  Plaintiff shall provide the responsive information by **October 17, 2022**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE