IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUBEN ROMERO,

    Plaintiff,

v.   No. 1:21-cv-544 KG/KRS

CORE CIVIC, INC.,
CORE CIVIC OF TENNESSEE, LLC,
ANA PADILLA, and GARRICK PETERSON

    Defendants.

## ORDER ON DEFENDANTS' MOTION FOR CLARIFICATION

THIS MATTER is before the Court on Defendants' Motion for Clarification of the Court's Order Granting in Part Plaintiff's Second Motion to Compel, (Doc. 120), filed October 6, 2022. Pursuant to the Court's Order for Expedited Briefing, Plaintiff filed a response on October 12, 2022, and Defendants filed a reply on October 13, 2022. (Docs. 124, 125).

In the Court's Order Granting in Part Plaintiff's Second Motion to Compel, the Court considered whether Defendants should be compelled to produce documents responsive to Plaintiff's Request for Production ("RFP") 20, which seeks disciplinary records for Cibola County Correctional Center ("CCCC") staff "based on their failure to adequately perform their duties." (Doc. 116) at 2 (ruling on Doc. 92). The Court found that the RFP is overly broad and seeks irrelevant information "because, as worded, it seeks disciplinary information for all staff and is not sufficiently limited to the time period at issue." *Id.* at 4. However, the Court found that disciplinary records "are relevant for persons involved in the subject incident and limited to a reasonable time period before and after the incident," and that "disciplinary records pertaining to persons who were supposed to be present on the date of the incident are relevant to Plaintiff's claim that the CCCC was understaffed." *Id.* Therefore, the Court granted the Motion to Compel

in part and ordered Defendants to produce "all documents reflecting the investigation, discipline, or termination of staff based on failure to adequately perform their duties, but limited to those persons who were on duty the date of the subject incident, or were supposed to be on duty on the date of the incident, and limited to one year prior to and one year after the incident (June 12, 2017 through June 12, 2019)." *Id.* at 5.

In its Motion for Clarification, Defendants ask the Court to "clarify whether CoreCivic Defendants are required to produce responsive documents for all staff scheduled to work at CCCC on June 12, 2018[, the date of the incident,] or only those staff assigned to Unit 400, which was where Plaintiff was housed on the date of the incident and where the incident occurred." (Doc. 120) at 2-3. In response, Plaintiff states that Defendants have "made every effort to avoid" their discovery obligations, and notes that Defendants have been unable to produce certain staffing records because they have been destroyed. (Doc. 124) at 1-2. Plaintiff argues that the Court did not limit its Order to records from staff assigned to Unit 400 and that "[t]he presence of insufficient staff at the facility and an alleged custom of understaffing and disregard for adequate supervision of all units, including unit control divisions, is probative of Plaintiff's negligence and Eight[h] Amendment claims." *Id.* at 2.

In reply, Defendants state they have fully complied with their discovery obligations. (Doc. 125) at 1. They explain that they seek clarification because the Court found that disciplinary records are irrelevant for staff who were not involved in the incident, so it appears that those records would be irrelevant for staff members who were not assigned to Unit 400 on the date of the incident. *Id.* at 3. Defendants further explain that "the number of documents that may be responsive to a request for all staff assigned to CCCC on June 12, 2018 differs greatly

from the number of documents responsive to a request for staff assigned to Unit 400 on that date." *Id.*

The Court finds that disciplinary records for staff not assigned to Unit 400 on the date of the incident are not relevant to the claims or defenses in this case. In his Second Motion to Compel, Plaintiff claims that the CCCC "is plagued with understaffing that led to overworked, over-tired detention staff who were unable (or unwilling) to safely and adequately perform their duties," and in response to the Motion to Clarify Plaintiff states that "[t]he presence of insufficient staff at the facility and an alleged custom of understaffing and disregard for adequate supervision of all units, including unit control divisions, is probative of Plaintiff's negligence and Eight[h] Amendment claims." (Doc. 107) at 1; (Doc. 124) at 2. However, Plaintiff does not explain how disciplinary records for staff who were not involved in the incident – or even assigned to the same unit where the incident took place – are relevant to Plaintiff's specific claims. To put it differently, Plaintiff has not shown how disciplinary records for staff members who were not involved in the incident or in the same unit as Plaintiff on the date of the incident would make it more or less probable that CCCC was understaffed on the date of the incident or that its staff failed to adequately protect Plaintiff.

For these reasons, the Court grants Defendants' Motion for Clarification and Defendants may limit the production ordered by the Court in its Order Granting in Part Plaintiff's Second Motion to Compel, (Doc. 116), to documents for staff assigned to Unit 400 on the date of the incident.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

3