**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RUBEN ROMERO,

     Plaintiff,

v.                                                                      No. 1:21-cv-544 KG/KRS

CORE CIVIC, INC.,
CORE CIVIC OF TENNESSEE, LLC,
ANA PADILLA, and GARRICK PETERSON

     Defendants.

<u>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO RECONSIDER
ORDER ON MOTION TO COMPEL**</u>

THIS MATTER is before the Court on Plaintiff's Motion for Reconsideration on

Plaintiff's Motion to Compel Regarding Production of Defendant Peterson's Personnel Files,

(Doc. 104), filed August 12, 2022.  Defendants filed a response on September 9, 2022, and

Plaintiff filed a reply on October 5, 2022.  (Docs. 113 and 118).  Having considered the parties'

briefing, record of the case, and relevant law, the Court grants in part Plaintiff's Motion for

Reconsideration.

## I.    <u>Background</u>

Plaintiff brings claims against Defendants for negligence/respondeat superior and

violation of the Eighth Amendment for injuries he received when he was assaulted on June 12,

2018 by several inmates in a pod at the Cibola County Correctional Center ("CCCC").  (Doc.

35); (Doc. 17) at 1-2.  Plaintiff alleges that Defendant Peterson "was a detention officer at CCCC

and an employee of CoreCivic," and "was either roving the facility or assigned to Unit 400-A

when Plaintiff was assaulted."  (Doc. 35) at 3.  Plaintiff asks the Court to reconsider an order

entered March 14, 2022, which denied Plaintiff's motion to compel Defendant Peterson's

personnel file.  (Doc. 104) (asking the Court to reconsider Doc. 53, which granted in part and denied in part Doc. 36).  Plaintiff argues that Defendant Peterson's personnel file contains information relevant to the claims in this case because Plaintiff alleges he "was savagely beaten in the pod, while officers who were supposed to be supervising the unit, including Defendant Peterson, inexplicably failed to respond to the violence, failed to notice Plaintiff unconscious in plain view, failed to notice Plaintiff subsequently crawling around the pod looking for help, and even failed to react to Plaintiffs' assailants as they spent several minutes mopping up Plaintiff's blood."  *Id.* at 2-3.  During a March 10, 2022 hearing on Plaintiff's motion to compel, Defendants asserted that Defendant Peterson would testify at his upcoming deposition that he had no verbal or written reprimands while at the CCCC.  *Id.* at 3.  Relying on this assertion, the magistrate judge previously assigned to this case denied Plaintiff's motion to compel as to Defendant Peterson's personnel file, but stated she would reconsider Plaintiff's request for the personnel file if circumstances changed.  *See* (Doc. 104-1) at 2-3.

In his Motion to Reconsider, Plaintiff states that Defendant Peterson testified at his March 15, 2022 deposition that he had in fact been reprimanded during his employment at CCCC and was terminated for falling asleep on the job in the same unit where Plaintiff was attacked a couple months earlier.  (Doc. 104) at 3 (citing Doc. 92-2 at 11:8-19, 60:3-25). Accordingly, Plaintiff asks the Court to reconsider the portion of the order denying Defendant Peterson's personnel file and award Plaintiff expenses incurred in bringing his Motion for Reconsideration.  *Id.* at 3-5.

In response, Defendants clarify that at the March 10, 2022 hearing, Defendants' counsel stated that Mr. Peterson would testify that he had no verbal or written reprimands at CCCC, "or at a minimum that there was nothing specific to this case."  (Doc. 113) at 2, 5 (citing Doc. 104-1

at 21:3-8, transcript of March 10, 2022 hearing). Defendants argue that Defendant Peterson's testimony the following week "did not change the circumstances surrounding the Court's Order as Peterson testified that he was not disciplined as a result of the subject incident." *Id.* at 3 (citing Doc. 92-2 at 14:12-18). Instead, Defendant Peterson "testified that he was disciplined and terminated after the subject incident for an unrelated issue—falling asleep in the Unit 400 Control Room." *Id.* (citing Doc. 92-2 at 11:8-14:18). Plaintiff's counsel thereafter "thoroughly explored and exhausted this subject during his deposition, as counsel questioned Plaintiff about whether he had ever fallen asleep on the job prior to the issue for which he was terminated, to which he responded that he had not." *Id.* (citing Doc. 92-2 at 60:3-61:25). Therefore, Defendants argue that "any misconduct by Peterson following the subject incident was not probative of whether he adequately performed his job duties on … the night of the incident." *Id.* Defendants also assert that Plaintiff incorrectly relies on Rule 54(b) as the legal standard for his Motion to Reconsider, and the Court should instead consider the motion under Rule 60(b). *Id.* at 4-5. Additionally, Defendants argue that the Court should not order them to produce any personal identifying information from Defendant Peterson's personnel file, and that Plaintiff's Motion to Reconsider is not timely because Plaintiff waited for nearly five months after Defendant Peterson's deposition before filing the motion. *Id.* at 7-10.

In his Reply, Plaintiff maintains that the proper standard of review for the Motion to Reconsider is under Rule 54(b), and Rule 60 does not apply because the previous order was not a final judgment. (Doc. 118) at 1-3. Plaintiff notes that after he filed the Motion to Reconsider, the Court ordered production of CCCC employees' disciplinary records during a specific time period, so Defendant Peterson's personnel file is relevant and Defendants' concern about

production of personal information can be addressed by redactions and the parties' confidentiality order. *Id.* at 3-4.

## II.    Legal Standard

Motions for reconsideration are not expressly recognized by the Federal Rules of Civil Procedure. *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 229 F.R.D. 232, 234 (D.N.M. 2005) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)).  When a party moves for reconsideration of a final order, that motion is treated as a Rule 59(e) or 60(b) motion, depending on its timing.  *See Computerized Thermal Imaging*, 312 F.3d at 1296 n.3.  A motion for reconsideration of a non-final (i.e., interlocutory) order is treated as a request for relief under Rule 54(b), which provides that: "[A]ny order or other decision, however designated that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); *see also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

Reconsideration of an interlocutory order is a matter of the Court's discretion and warranted when the Court has made an error of fact or of law.  *Todd v. Montoya*, 791 F. Supp. 2d 1060, 1062 (D.N.M. 2011) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  In the Tenth Circuit, "law of the case doctrine has no bearing on the revising of interlocutory orders, even when a case has been reassigned from one judge to another." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011) (citations omitted); *see also Kruskal v. Martinez*, 429 F.Supp.3d 1012, 1024 (D.N.M. 2019) ("[A] district court can select the standard of review for a motion to reconsider an interlocutory order.  It can review the earlier ruling de

4

novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether.").  In addition, the Tenth Circuit looks to Rule 59 for guidance in addressing motions to reconsider interlocutory orders.  *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering a Rule 54(b) motion to reconsider, the "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)").  Accordingly, the Court should grant relief if there is new intervening and controlling law, new evidence not available previously, or if there is a "need to correct clear error or prevent manifest injustice." *Kruskal*, 429 F.Supp.3d at 1026 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).  A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges.").  Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses.  *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

5

III.    **Discussion**

On September 27, 2022, the Court granted in part Plaintiff's Second Motion to Compel and held that documents reflecting the investigation, discipline, or termination of staff based on failure to adequately perform their duties are relevant for persons involved in the subject incident and limited to a reasonable time period before and after the incident.  (Doc. 116) at 4.  The Court ordered Defendants to produce "all documents reflecting the investigation, discipline, or termination of staff based on failure to adequately perform their duties, but limited to those persons who were on duty the date of the subject incident, or were supposed to be on duty on the date of the incident, and limited to one year prior to and one year after the incident (June 12, 2017 through June 12, 2019)."  *Id.* at 5.  The Court later clarified that the production could be limited to documents for staff assigned to the unit where Plaintiff was housed (Unit 400) on the date of the incident.  (Doc. 126).

Plaintiff now seeks production of Defendant Peterson's entire personnel file.  While the previous order on Plaintiff's Motion to Compel denied this request, that denial was based on Defendants' counsel's assertion that Defendant Peterson was going to testify at his deposition that he had no verbal or written reprimands at CCCC, "or at a minimum that there was nothing specific to this case."  (Doc. 104-1) at 2.  Defendant' Peterson's subsequent testimony that he was terminated for falling asleep on the job in the same unit where Plaintiff was attacked a couple months earlier constitutes new evidence that is relevant to the parties' claims or defenses.  Specifically, Defendant Peterson's subsequent termination for sleeping on the job is relevant to Plaintiff's allegations that his pod was abandoned for nearly thirty minutes after he was attacked, and that CCCC "permitted pods at the jail to remain completely unguarded despite obvious risks of violence and the potential need for resulting medical care."  (Doc. 35) at 8-9.

6

Based on the foregoing, the Court will grant Plaintiff's Motion to Reconsider and order Defendants to produce Defendant Peterson's personnel file.  The Court does not find that Plaintiff's delay in filing the Motion to Reconsider was prejudicial to Defendants and, regardless, the Court "has broad discretion to reconsider its interlocutory orders prior to entry of judgment." *Corral v. Home Depot U.S.A., Inc.*, 2015 WL 13662786, at *1 (D.N.M.) (citing *Rimbert*, 647 F.3d at 1251).  However, the Court agrees with Defendants that personal identifying information is not relevant and should be redacted.  Therefore, the Court will allow Defendants to redact Defendant Peterson's social security number, phone numbers and addresses, and bank account numbers from the file prior to producing it.  Defendant Peterson's CoreCivic application is relevant to Plaintiff's claims regarding negligent hiring, so Defendants must produce the application after redacting personal identifying information.  Finally, because the Court grants the Motion to Compel in part, the Court finds that attorneys' fees under Rule 37(a)(5) are not warranted.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration on Plaintiff's Motion to Compel Regarding Production of Defendant Peterson's Personnel Files, (Doc. 104), is GRANTED in part as set forth above.  Defendants shall provide the responsive documents by **December 9, 2022**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE