IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN ROMERO,

    Plaintiff,

v.                                  Case No. 21-CV-544-KG-DLM

CORE CIVIC, INC., CORE CIVIC
OF TENNESSEE, LLC, WARDEN
BRIAN KOEHN, ANA PADILLA,
and GARRICK PETERSON

    Defendant.

## SUPPLEMENTAL ORDER TO MEMORANDUM OPINION AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT

On September 28, 2023, this Court issued a Memorandum Opinion and Order granting partial summary judgment for Defendants as it related to Plaintiff's federal claims. (Doc. 207) at 25–26. That Order did not specify whether this Court would exercise supplemental jurisdiction for Plaintiff's remaining state claims. *Id.* On November 7, 2023, the parties attended a status conference in front of Magistrate Judge Damian L. Martinez and raised the issue of supplemental jurisdiction. (Doc. 210). The Court now supplements its Order solely to address this issue. In the interest of judicial economy, this Court will exercise supplemental jurisdiction over Plaintiff's state claims.

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A court may, however, decline to exercise supplemental jurisdiction over a claim

when the district court has dismissed all claims over which it has original jurisdiction. *Id.* § 1367(c)(3).

According to the Tenth Circuit, a "district court has discretion to try state claims in the absence of any triable federal claims." *Thatcher Enter v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). This "discretion should be exercised in…cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Id.* Discretion to exercise power over state claims has been approved "where substantial amounts of time and energy have been spent in the case." *Transok Pipeline Co. v. Darks*, 565 F.2d 1150, 1155 (10th Cir. 1977). In *Transok*, the parties litigated in federal court for over two years when the federal claims settled just before trial. *Id.* After the settlement, the district court exercised pendent jurisdiction over the remaining state claims. *Id.* Finding no abuse of discretion, the Tenth Circuit stated, "it would be a shocking waste of time and money now to require this cause to be relitigated in the state court." *Id.*

The Court will exercise supplemental jurisdiction over Plaintiff's remaining state claims to maintain judicial economy. This case has been before the federal court since June 6, 2021. (Doc. 1). Like the litigation history in *Transok*, parties have undertaken extensive discovery efforts and the Court has heard and decided numerous motions. For these reasons, this Court believes it would be a waste of time and money to require this case be relitigated in state court.

Therefore, this Court will continue to exercise supplemental jurisdiction over Plaintiff's state claims.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE